**UNITED STATES of America, Plaintiff,**

**v.**

**Henry ANDREWS, Thomas Bates, Roger Bowman, Jeff Boyd, George Carter, Jackie Clay, Edgar Cooksey, Andrew Craig, Jerome Crowder, Lawrence Crowder, Floyd Davis, William Doyle, Harry Evans, Eddie Franklin, Bernard Green, Charles Green, Henry Leon Harris, Earl Hawkins, Louis Hoover, J.L. Houston, Eugene Hunter, Derrick Kees, Isiah Kitchen, Alan Knox, Sammy Knox, Roland Lewis, Felix Mayes, Melvin Mayes, Walter Pollard, Derrick Porter, Noah Robinson, Michael Sardin, James Speights, Anthony Sumner, Freddie Elwood Sweeney, Melvin Tillman, Edward Williams and Ricky Dean Williams, Defendants.**

**No. 89 CR 908.**

United States District Court,
N.D. Illinois, E.D.

Jan. 23, 1991.

Kenneth Hanson, Chicago, Ill., for Jeff Boyd.

Peter Schmiedel, Chicago, Ill., for George Carter.

Victor Pilolla, Oak Park, Ill., for Edgar Cooksey.

Eugene O'Malley, Chicago, Ill., for Andrew Craig.

Carl Clavelli, Chicago, Ill., for Jerome Crowder.

Standish Willis, Chicago, Ill., for Lawrence Crowder.

Marianne Jackson, Chicago, Ill., for William Doyle.

Joshua Sachs, Chicago, Ill., for Charles Green.

Donald Paull, Chicago, Ill., for Louis Hoover.

Chris Averkiou, Chicago, Ill., for J.L. Houston.

Robert Raab, Chicago, Ill., for Isiah Kitchen.

Marc Kadish, Chicago, Ill., for Alan Knox.

Michael Falconer, Chicago, Ill., for Sammy Knox.

Keith Spielfogel, Chicago, Ill., for Roland Lewis.

Ron Clark, Chicago, Ill., for Felix Mayes.

Marty Agran, Chicago, Ill., for Derrick Porter.

Adam Bourgeois, Chicago, Ill., Robert F. Simone, Philadelphia, Pa., for Noah Robinson.

James Graham, Chicago, Ill., for Michael Sardin.

Ron Bredemann, Park Ridge, Ill., for James Speights.

Rick Jalovec, Chicago, Ill., for Freddie Elwood Sweeney.

June Fournier, RFD Long Grove, Ill., for Melvin Tillman.

William Hogan, Ted Poulous, Asst. U.S. Attys., Chicago, Ill., for U.S.

Gary Ravitz, Chicago, Ill., for Henry Andrews.

Robert Clarke, Chicago, Ill., for Thomas Bates.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

The government has moved for clarification of our December 28, 1990 order (*Andrews III*), 754 F.Supp. 1206, which granted in part the government's motion to reconsider our final severance order issued December 4, 1990 (*Andrews II*), 754 F.Supp. 1197.[1] The government's instant motion concerns that portion of *Andrews III* that vacated our Rule 403 rulings subject to renewed consideration of the Rule 403 issues at the time of trial. Relying on the fact that we will admit at least some evidence of drug activity at trial, the government has asked us specifically to clarify whether *Andrews III* permits the government to place before the jury Racketeering Act 31 (the drug conspiracy) and the related substantive count (Count III).

We acknowledge that *Andrews III* does not specifically address the matter that the government now wants us to clarify. We observe, however, that the bulk of the government's motion for clarification discusses how the drug evidence underlying Racketeering Act 31 is necessary to prove essential elements of the RICO counts. Yet we have never doubted that some evidence of drug activity is necessary to establish the relationship, continuity, nexus, and enterprise that surround the charged predicate acts that the government will be permitted to put before the jury in accordance with the severance plan. Our prior orders have consistently recognized such a need and had plainly made provision for proof of drug activity specifically related to the violent racketeering acts to be proved at each trial. *See, e.g., Andrews II*, 754 F.Supp. at 1202 ("To the extent that evidence of narcotics trafficking is directly related to these matters, such evidence will be properly admitted anyway.").

That, however, is as far as the government's instant motion carries us, and, without more, further clarification is hardly needed. Simply because drug evidence may be admitted as proof of each of the RICO elements listed by the government does not compel the conclusion that every violation of substantive law that may arise from such evidence must additionally be charged and separately proved both as a predicate act and a substantive offense. The government's confusion apparently derives from a failure to adequately comprehend this distinction. Yet, the distinction is an important one when viewed, for example, in light of one of the primary concerns creating a need for severance in this case—jury confusion. Although a limited amount of drug-related evidence must be admitted and considered in the context of proving the RICO offenses, the government may achieve its goal of obtaining a RICO conviction without requiring the jury to consider additional instructions and make a finding as to whether all of the elements of a Section 846 narcotics conspiracy have also been met.[2] Thus, we are reluctant to clarify that our *Andrews III* order would allow the government to do anything more than present evidence of drug-related activity necessary to satisfy the elements which it cites. We hesitate, that is, to additionally permit it to place before the jury the question whether the government has also

---

**1.** In these most recent papers filed with the Court, the government also wanted us to "further reconsider" our rulings holding in abeyance the prosecution of Racketeering Act 13 against defendant Cooksey and severing the trial of Alan Knox. As we pointed out in our January 8, 1991 order, such further reconsideration is inappropriate.

In addition, the government also asked, for the first time, to be allowed to additionally proceed against defendant Boyd on Racketeering Acts 50 and 51, and the two related substantive counts. This request comes too late and without the requisite showing of good cause for the failure to raise it within the time we set for responses to the severance plan. *See* Fed.R. Crim.P. 15 and note 3 of this Order.

**2.** Consistent with this view, we also observe that strictly as an evidentiary matter it is not necessary to compound the number of predicate acts put before the jury. A "predicate act," such as a violation of 21 U.S.C. § 846 (1988), is simply evidence of the element "pattern of racketeering activity." Since a substantive RICO violation does not require proof of any more than two acts in establishing a "pattern of racketeering activity," the inclusion of additional racketeering acts becomes less important and less probative as the number of charged acts increase.

proved a Section 846 narcotics conspiracy as a predicate act and substantive offense. In light of a recent submission by one of the Trial One defendants, however, we shall set aside our reluctance to so interpret *Andrews III.*

Defendant Noah Robinson has filed a "response" to our *Andrews III* order in which he protests our assertion that the defendants would appear to have waived any double jeopardy concerns that might have been created by the severance plan. Robinson contends that he has not waived a defense of double jeopardy. Nevertheless, he apparently does not want to take his chances with that argument at a future date and instead has requested that should Trial One include drug-related evidence, then he should in fact be tried for the charges relating to the evidence that would be submitted to the jury. Although for the reasons we set forth in *Andrews III* we do not see much merit to Robinson's waiver point, *see also* Federal Rule of Criminal Procedure 12, we shall, in an abundance of caution, grant him the benefit of the doubt in this instance, particularly since his interest now relatively coincides with that of the government.[3]

■ Accordingly, we shall permit the government to place Racketeering Act 31 and corresponding Count III before the jury. We again admonish the government, however, to heed the concerns we expressed in *Andrews III,* 754 F.Supp. at 1208. The fact that these charges will be presented as part of the government's case at Trial One does not change the considerations that will ultimately dictate the Rule 403 rulings that we have reserved for the time of trial.

Although the severance chapter of these proceedings is now closed, the problems we have faced are neither unique to this case nor are they sure to go away any time soon. The Federal Courts Study Committee has recently voiced its concern that since 1979 the number of criminal trials lasting over twenty days has more than doubled, and those lasting over forty days has grown four-fold. *Report of the Federal Courts Study Committee,* 106–07 (Apr. 2, 1990). The proposed length of the trial of this case both in its unsevered and severed form far surpasses the periods of time that gave the Committee concern. But this case presents additional problems of equal or even greater significance. The presentation and consideration of the severance issues, occasioned both by the return of an indictment that was untriable in its original form and an initial lack of government cooperation, has occupied an inordinate period of pretrial time and effort. In addition, the demands of this case, as originally indicted, have greatly exacerbated the task of securing and coordinating appointed counsel. Further, having severed the case, we nevertheless still face a scheduling dilemma for which there exists no perfect solution, and which has the potential to present very serious statutory and constitutional concerns with respect to the length of pretrial detention. None of these problems has arisen discretely; they all are interrelated. And by no means is this list inclusive. Although the Federal Courts Study Committee was not able to give the matter of "mega-trials" full consideration, the Committee proposed that the Attorney General should convene a conference of prosecutors and defense lawyers to consider the problems of complex criminal trials. *Id.* The recommendation is a sound one, and reflects what we believe is the proper view that the indicting authority is best

---

**3.** Consistent with Rule 12 of the Federal Rules of Criminal Procedure, we set the time for the making of pretrial motions. Local Criminal Rule 2.05 specifies the briefing procedures for all such pretrial motions and supporting briefs. Rule 12(f) of the federal criminal procedure rules provides that failure to make objections or requests *at the time set* under Rule 12(c) shall constitute waiver, but the court for cause shown may grant relief from the waiver. A request for severance is a mandatory motion under the rule. And in *Andrews I,* 754 F.Supp. 1161 we clearly set forth the time for responding to the proposed severance plan. Robinson conceivably has an argument that the changes we finally made in *Andrews III* affected his double jeopardy calculations sufficient to show cause for relief from waiver. As we have observed above, however, the presentation of some evidence of narcotics activity at Trial One has always been a part of the severance plan. *Andrews III* did not change that fact.

situated to stem the tide and resulting problems of mega-trials. In *Andrews I*, however, we observed that several reasons compelled the conclusion that it is "unlikely that the recent increase in mega-trails will soon be curbed at the initiative of the prosecution." *Andrews I*, 754 F.Supp. at 1180. We can only hope that the Executive Branch, perhaps with this District taking the lead, will responsibly act upon the Committee's proposal and ultimately prove our assessment wrong. It is so ordered.